## ALLEN *v.* DEACON.

*(Circuit Court, D. California.   July 28, 1884.)*

PATENT—UNSTAMPED ARTICLE—INNOCENT INFRINGER—SECTION 4900, REV. ST.
    In the case of a patented article which does not bear the required stamp or label, recovery shall not be had upon infringements occurring while the infringer is ignorant of the patent, under the conditions stated in section 4900, Rev. St., but shall be limited to infringments arising after notice.

In Equity.

*W. H. Sharp*, tor complainant.

*John C. Hall*, for defendant.

SAWYER, J. The defendant had been employing the patented article in steam-engine condensers manufactured by him for several years prior to 1875, in entire ignorance of the existence of the patent sued on. The patentee did not affix the word "patented" to the article manufactured by him, or to a label attached, or in any other way indicate that it was patented. Several engines in steamers came into the port of San Francisco, having the article manufactured and sold, by authority of the patentee, in their condensers, without any indication that it was patented, and the defendant had often examined them. He was entirely ignorant that there was a patent upon it till the month of June, 1875. While building the condensers of the Constantine, at that time, after he had got the larger part of the patented packing in, he was notified that there was a patent upon it. This was the first information he had of the patent. He at once of-

fered to pay the royalty for that already used in the condensers of the Constantine, and for enough to finish them; but the proprietor of the patent refused to accept such payment unless he would pay the royalty on all he had used during the preceding years while he was ignorant of the patent. He thereupon finished the condensers already well advanced towards completion, but he has in no other way infringed the patent since he had notice. This defense was set up in the answer, and established by the evidence. It is therefore available as a defense. *Rubber Co.* v. *Goodyear*, 9 Wall. 801. The master only made an allowance for the infringement by use of the patented article in the condensers of the Constantine, in accordance with the provisions of section 4900, Rev. St., that "in any suit for infringement by the party failing so to mark, (as before provided in the section,) no damage shall be recovered by the plaintiff except on proof that the defendant was duly notified of the infringement, and continued after such notice to make, use, or vend the article patented." The complainant excepts to the master's report on this ground, and insists that damages and profits should have been allowed for all prior infringements. The complainant insists that, when the defendant continues to infringe after notice, he is not limited in his recovery under the statute to the damages and profits accrued from the infringement subsequent to the notice, but claims that, if the defendant continues to infringe after notice, he is entitled to recover all the profits and damages resulting from the infringement, from the beginning of the infringement. I am unable to take this view. No case has been brought to my notice in which this precise point has been decided. I think, however, the fair construction of the provision of the statute is that the recovery shall not be had upon infringements occurring while the infringer is ignorant of the patent under the conditions stated in the statute, but shall be limited to the infringements arising after notice. If mistaken in this, I do not think the infringement after notice in question is of such a willful nature as to incur the penalty of a recovery for all prior infringements without notice of the patent. Immediately upon receiving notice, before completing the machine already far advanced in construction, defendant offered to pay the full royalty established, for the whole machine, and plaintiff refused to accept it without payment for all prior infringements. It was his own fault that he did not receive compensation for the liability that accrued under the statute after notice.

I think complainant entitled to costs. Although there was a general offer to pay the royalty, which complainant refused to accept, there was no actual tender of any specific sum of money, and no tender kept good and brought into court, such as would be required in an action at law to relieve a party from costs. Besides, the answer raised other issues which the complainant was required to contest.

The exceptions to the master's report are overruled, and the report confirmed.

Let a final decree be entered in favor of the complainant for the amount found by the master, with costs.